UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/06/2024

IN RE: CHARLES A. PECORARO

           Debtor.

No. 17-35061 (CGM)

CHARLES PECORARO,

           Appellant,

    -against-

KRISTA M. PRUESS, as CHAPTER 13 TRUSTEE

           Appellee.

No. 22 Civ. 7249 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      This appeal arises from the Bankruptcy Court's April 14, 2022 Order (ECF No. 1, Ex. A, hereinafter "Bankruptcy Court Order") dismissing Appellant Charles A. Pecoraro's ("Pecoraro" or "Appellant") Chapter 13 bankruptcy petition before the United States Bankruptcy Court for the Southern District of New York, Case No. 17-35061 (CGM). Pecoraro brings this appeal against the Chapter 13 Trustee, Krista M. Preuss (hereinafter, "Appellant" or "Trustee").

      Pecoraro filed the instant appeal on August 25, 2022. (ECF No. 1.) For the following reasons, the Bankruptcy Court's Order is AFFIRMED in its entirety.

## BACKGROUND

      The following facts are derived from the Court's review of the underlying Bankruptcy Court docket. (*See* Case No. 17-35061, hereinafter "Bankruptcy Court Docket").

      Pecoraro, an individual residing in New Paltz, NY, filed a Chapter 13 petition in the Bankruptcy Court for the Southern District of New York on January 19, 2017. (Bankruptcy Court

Docket, ECF No. 1.) Under his proposed Chapter 13 plan, Pecoraro agreed to pay sixty monthly payments as follows: $250 each month from February 19, 2017 through June 19, 2017; and $345.00 each month from July 19, 2017 through January 19, 2022. (*Id.* at ECF No. 12 ("Model Chapter 13 Plan"); *Id.* at ECF No. 40 ("Amended Chapter 13 Plan").) At the time that he filed his Chapter 13 petition and throughout the underlying bankruptcy proceeding, Pecoraro was represented by Andrea B. Malin ("Counsel"). Counsel also represents Pecoraro on this appeal.

On October 12, 2017, the Bankruptcy Court confirmed Pecoraro's Amended Chapter 13 Plan. (*Id.* at ECF No. 50 ("Confirmation Order").) The Plan provided for, *inter alia*, the payment of the priority tax set forth in the claim filed by the New York State Department of Taxation and Finance for $5,581.02 (the "Priority Claim").  The Plan also provided for the payment of attorney's fees as follows:

> **Category 1 (Attorney's Fees)**
> The following fees – in excess of the portion of the pre-petition flat fee actually received prior to filing – have been approved by the court as follows:
>
> | | |
> |---|---|
> | Remainder of Retainer held in Escrow | $ 0.00 |
> | Amount of fees approved by separate application | $11,983.61 |
> | Total fees | $11,983.61 |

On September 16, 2020, after confirmation of the plan, Counsel filed an application seeking additional attorney's fees (the "Second Fee Application"). (*Id.* at ECF No. 64.) On October 19, 2020, the Trustee opposed counsel's application asserting, *inter alia*, that granting the Second Fee Application would render the Plan infeasible, which would require Counsel to amend the Plan. (*Id.* at ECF No. 68, ¶¶ 20-21.) On October 29, 2020, the Bankruptcy Court granted Counsel's Second Fee Application, awarding Counsel $4,138.50 in fees and $121.96 in expenses. At the hearing on the Second Fee Application held on October 27, 2020, the Bankruptcy Court advised

Pecoraro that in order to pay the fees awarded to Counsel, the Plan would have to be modified. Pecoraro did not file a motion to amend the Plan prior to the Plan's expiration on January 19, 2022.

On March 7, 2022, the Trustee filed a motion to dismiss the case for cause pursuant to 11 U.S.C. § 1307(c) on the basis that the Plan was financially unfeasible. (*Id.* at ECF No. 78.) Upon receiving the Motion to Dismiss, Pecoraro indicated he would pay $3,641.09 to cover the shortfall in payments. (Appellant Br. at 4.) On April 5, 2022, the Bankruptcy Court held a hearing on the Motion to Dismiss. (Bankruptcy Court Docket at ECF Nos. 79, 83.) At the hearing, the Trustee's counsel explained to the Bankruptcy Court that the post-confirmation fee application rendered the plan unfeasible. (*Id.* at 3:15-19.) Upon both parties raising their arguments on the record, Judge Morris stated that he would order the dismissal of Pecoraro's case. (*Id.* at 4:8-10; 6:12-13.) The Bankruptcy Court issued an order dismissing the case on April 14, 2022 (*Id.* at ECF No. 80 (the "Dismissal Order").)

On April 22, 2022, Pecoraro filed a Motion to Reconsider raising substantially the same arguments as he does in the instant motion. (*Id.* at ECF No. 82.) On May 31, 2022, the Trustee filed its opposition and Pecoraro filed his reply on July 1, 2022. (*Id.* at ECF Nos. 87, 92.) On July 22, 2022, the Bankruptcy Court denied Pecoraro's Motion to Reconsider. (*Id.* at ECF No. 93.)

Pecoraro filed the instant appeal on August 25, 2022. (*See* C.A. No. 22-cv-7249, ECF No. 1.). Pecoraro filed his opening brief on September 22, 2022 (*See id.*, ECF No. 5 ("Appellant Br.").) The Trustee filed her opposition on November 3, 2022. (*See id.*, ECF No. 13 ("Appellee Br.")).

## **STANDARD OF REVIEW**

A district court hearing an appeal from a bankruptcy court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard.  *See In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir. 1998).  Under *de novo* review, the Court affords no deference to

3

the Bankruptcy Court's decision and decides the question as if no decision had been previously rendered. *See In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("A *de novo* review allows us to decide the issue as if no decision had been previously rendered . . . . No deference is given to the Bankruptcy Court's decision.") (quoting *In re Miner*, 229 B.R. 561, 565 (2d Cir. BAP 1999)).

By contrast, review for clear error is much more deferential to the bankruptcy court's findings. Clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Reilly*, 245 B.R. at 772 (quoting *In re Miner*, 229 B.R. at 565). "Particular deference is given to a bankruptcy court's findings on credibility." *In re Portaluppi*, 609 F. App.'x 30, 31 (2d Cir. 2015) (citing *In re CBI Holding Co.*, 529 F.3d 432, 450 (2d Cir. 2008)).

The court reviews mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc.*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (internal quotation and citation omitted); *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017) ("Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion."). A bankruptcy

4

court abuses its discretion when it arrives at "(i) a decision resting on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.),* 352 F.3d 671, 678 (2d Cir.2003) (internal quotation and alteration marks omitted).

## **DISCUSSION**

Pecoraro appeals the dismissal of his Chapter 13 petition on the following bases: (i) the Bankruptcy Court erroneously dismissed his Chapter 13 petition by failing to recognize his right to pay the shortfall to cover the Priority Claim; and (ii) the Court should vacate the Dismissal Order and restore the case to the Bankruptcy Court's calendar to enable the Trustee to pay the shortfall and enter Pecoraro's discharge. (Appellant Br. at 5-6.)

For the reasons articulated below, the Court DISMISSES Pecoraro's bankruptcy appeal.

### **I.    The Bankruptcy Court's Dismissal of Appellant's Case**

Pecoraro argues the Bankruptcy Court abused its discretion in erroneously dismissing his case before the Plan expired. Specifically, Pecoraro claims that the Bankruptcy Court failed to properly consider Section J of the Plan's Shortfall Provision and existing legal precedent. (*Id.*) Section J of the Plan reads as follows:

> **SECTION J**
> **Funding Shortfall**
> Debtor will cure any funding shortfall before the Chapter 13 Plan is deemed completed.

The parties do not dispute that the post-confirmation attorney's fees rendered the Plan unfeasible. Pecoraro, however, argues that the Bankruptcy Court improperly denied him the right to cure the shortfall by invoking Section J of the cure provision. Pecoraro interprets the Section J cure provision to provide that a debtor's plan is not completed until the debtor has cured any

existing shortfall. (Appellant Br. at 12.) Pecoraro continues that the Bankruptcy Court has traditionally permitted such cure without requiring the debtor to amend his plan. (*Id.*)

In response, the Trustee emphasizes that Pecoraro failed to move to amend the Plan during the 60-month statutory period of the case. (Appellee Br. at 10.) The Trustee argues it thus "had no choice" but to file a motion to dismiss when Pecoraro completed the Plan by filing the last payment in January 2022. (*Id.*) Therefore, according to the Trustee, the Bankruptcy Court was well within its discretion to dismiss Pecoraro's case for cause pursuant to Section 1307(c).[1] The Trustee further argues that Pecoraro's interpretation of Section J would allow "any additional un-contemplated claims such as post-confirmation fees," to be paid without a formal amendment of the Plan. (*Id.* at 13.) Such a reading would expose debtors to obligations to make additional payments under the Plan—that had been financed based on the debtors' ability to pay—without the need for statutorily mandated amendments or the attendant safeguards. (*Id.*) The Court agrees with the Trustee.

Section 1307(c) permits a bankruptcy court to dismiss a case "for cause" and provides a nonexclusive list of circumstances amounting to cause. 11 U.S.C. § 1307(c). "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)." *In re Ellsworth*, 455 B.R. 904, 915 (B.A.P. 9th Cir. 2011) (citations omitted). Considering this principle, the Court finds it appropriate for a bankruptcy court to dismiss a case for cause where, as here, the debtor unjustifiably fails to amend a plan rendered unfeasible. The Bankruptcy Court informed Pecoraro and Counsel that he would need to amend his plan upon approval of the Second Fee Application in October 2020 because the fees would render the plan financially unfeasible. Pecoraro and Counsel failed to do so, and over a year later the Plan expired in January 2021. The Bankruptcy

---

[1] Section 1307(c) reads, in pertinent part: "[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . for cause[.]" 11 U.S.C. § 1307(c).

Court may have considered a lump-sum shortfall payment shortly after the Plan's expiration, but "[Pecoraro] was on notice of the shortfall for over a year and failed to act." (Bankruptcy Court Docket, ECF No. 98 at 7:25-8:1.) As noted by the Bankruptcy Court, Pecoraro failed to act until three months after the Plan expired. (*Id.* at 7:22-25.) The Bankruptcy Court thus properly exercised its discretion when it dismissed Pecoraro's case for cause.

The Court is also unpersuaded by Pecoraro's reliance on Section J's shortfall provision. Pecoraro unsuccessfully relies on *In re Klaas*, 858 F.3d 820 (3rd Cir. 2017) for this argument. However, the case does not support the proposition that courts have provided debtors the opportunity to cure shortfalls without plan modification where the shortfall was caused by fees not contemplated in the confirmed plan.[2] In *Klaas*, the trustee moved to dismiss the case sixty-one months after the start of the plan because the debtors still owed a sum of money to complete their plan base. The shortfall was speculated to have occurred due to an increase in the trustee's fee during the term of the plan. *Id.* at 824 n.1. Because the debtors cured the shortfall within 16 days of the motion alerting them to the deficit, the bankruptcy court denied the motion on the grounds that the default was not material and the debtors had fully funded their plan obligations. *Id.*at 825. The Third Circuit affirmed the bankruptcy court's denial of the motion to dismiss and found that the bankruptcy court did not abuse its discretion in granting the debtors a grace period to cure the shortfall. *Id.* at 828. The Third Circuit interpreted the Bankruptcy Code to allow for this discretion on the grounds that, occasionally, "despite the trustee's and the debtor's best efforts to avoid the problem, the plan payments may not fund all dividends and expenses necessary to complete the

---

[2] In the bankruptcy cases cited by Pecoraro, the trustees and debtors signed a stipulation and order amending the debtors' confirmed plan to cover the shortfall. *In re Brennan*, Case No 15-36133, Dkt. No. 70 ¶ 2; *In re Crawford*, 16-35863, Dkt. Nos. 121-122 ¶ 2 (amending the plan approximately 6 weeks after the bankruptcy court awarded fees to debtors' counsel that rendered the plan unfeasible); *In re Manfro*, 16-36787, Dkt. Nos. 44, 71 ¶ 2 (amending the plan prior to the plan's expiration after the bankruptcy court awarded fees to debtors' counsel that rendered the plan unfeasible). The parties did not file such a stipulation in this action.

plan base." *Id.* at 828 (citing *In re Estrada*, 322 B.R. 149, 153 (Bankr. E.D. Cal. 2005) and *In re Escobedo*, 169 B.R. 178 (Bankr. N.D. Ind. 1993)).

That is not the situation presently before the Court. As noted by the Trustee, the Third Circuit's holding in *Klaas* provides for the satisfaction of dues that were contemplated in the confirmed plan. Here, the post-confirmation fees at issue were not contemplated by the Plan, and thus the Bankruptcy Court appropriately directed Pecoraro to amend the plan pursuant to Section 1329. As discussed above, Pecoraro and Counsel did not put forth their best efforts, but instead failed to amend the Plan as directed by the Bankruptcy Court. Therefore, the Bankruptcy Court did not abuse its discretion in granting the Trustee's motion to dismiss and denying Pecoraro's Motion to Reconsider.

## <u>CONCLUSION</u>

Based on the foregoing, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is kindly directed to CLOSE this case.

Dated: May 6, 2024
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE